Dear Senate, Lamb
¶ 0 The Attorney General has received your request for an official opinion asking, in effect:
1. Under the terms of 19 O.S. 866.13 (1981), may an ownerof realty subject to the jurisdiction of a Metropolitan AreaPlanning Commission desiring to subdivide his real property andsell a portion to a third party engage in negotiations tosubdivide and sell the property prior to seeking formalCommission approval of the contemplated actions, or must he defersuch negotiations until after the desired subdivision is approvedby the Commission?
 2. Under 19 O.S. 866.13, to effect a transfer of realtyafter such a subdivision has been approved, is it required thatthe landowner sign a deed to himself evidencing the subdivisionprior to transferring any of the divided property to a thirdparty?
 3. Does the County Clerk have the power under 19 O.S.866.13 to file documents evidencing transfers or proposedtransfers of property (such as a contract for deed) if theCommission has not approved either the subdivision of property orthe subsequent transfer?
¶ 1 Your questions center around the powers and responsibilities of Metropolitan Area Planning Commissions, a species of local boards authorized to be formed under 19 O.S.866.1 (1981) et seq. A primary function of such a Commission, once established, is to adopt and oversee a metropolitan area comprehensive plan designed to bring about an orderly and safe development of the area in question. 19 O.S. 866.10 (1981). Similarly, such a Commission is authorized to adopt rules and regulations governing plats and subdivisions of land to secure the proper arrangement of streets and highways, parks, fire fighting equipment, avoidance of congestion, and similar concerns. 19 O.S. 866.12 (1981).
¶ 2 Section 866.13 sets forth a number of commands designed to safeguard the power granted to a Commission. The section begins by providing that after the adoption of a plan for major streets or highways (as a part of the comprehensive plan for development of the area), and the adoption of rules and regulations governing the subdivision of land, "no plat or deed or other instrument of a subdivision of land within the area" shall be accepted for filing of record by the county clerk until it has been approved by the respective Commission as being in accordance with its rules and regulations. Such approval must be endorsed in writing on the plat. Id. The section goes on to provide for a 45-day time limit within which requests for dividing land must be reviewed and acted upon, or be deemed approved. Id.
¶ 3 Section 866.13 further adds, in pertinent part:
 Whoever, being the owner or agent of the owner of any land within the area, transfers or sells or agrees to sell, or negotiates to sell any land by reference to or exhibition thereof, or by other use of a plat of a subdivision or a contract for deed or other instrument before such plat or deed or instrument has been approved by the Commission and filed of record in the office of the County Clerk, or whoever, being the owner or agent of the owner of a parcel of ground, transfers, or sells or agrees to sell, or negotiates to sell any tract of land of less than ten (10) acres . . . without first obtaining the written approval of the Commission . . . shall be subject to the penalties by this act provided; and such transaction shall be unlawful and shall not be recorded by the County Clerk; provided, that a tract of land which has not been subdivided, a tract of more than ten (10) acres . . . may be transferred by the owner thereof to any person without complying with the provisions of this act and such transfer shall be duly recorded by the County Clerk; and provided, further, that such person may further transfer such tract without complying with the provisions of this act, so long as such transfer involves the whole of such tract and the transfer shall be duly recorded by the County Clerk, and thereafter any transfer shall be subject to existing law.
¶ 4 For purposes of this section the term "subdivision" is defined as any division of land into two or more lots, parcels, tracts, or areas, any one of which when divided has an area of less than ten acres, or any division of land involving the vacation or dedication or right-of-way or alignment of an existing public utility easement, or the re-subdivision of land previously divided into lots, sites, or parcels. 19 O.S. 866.12
(1981).
¶ 5 Deleted from the quoted portion of this statute are provisions dealing with special situations involving counties adjacent to a county having a cooperative planning commission formed under 19 O.S. 863.2 (1961). No further comment is made about such situations. Similarly, no comments are made as to the transfer of a tract of land in its entirety or greater than ten acres in size.
¶ 6 Under this law, once a Commission has adopted a plan for major streets and highways and rules and regulations governing subdivision of land in the area, it is clear that no person may sell or transfer any realty covered by the Commission's jurisdiction by reference to any plat of a subdivision, or contract for deed or other instrument, not already approved by the Commission. The same rule applies to sales or transfers of any tract of land of less than ten acres. Any such sale or other transfer is deemed unlawful. The recordation, and hence legal recognition of such an unauthorized transaction, is prohibited. The local Commission, in appropriate circumstances, would also have the authority to seek judicial relief in compelling adherence to its orders and the law. Further, a violation of the act is deemed to constitute a criminal misdemeanor. 19 O.S.866.32 (1981).
¶ 7 Your initial question, however, implicates the language of19 O.S. 866.13 that discusses negotiations for a sale of realty that is contained in the area governed by a Commission. The Act provides for a criminal penalty if an owner of land or his authorized agent, without the requisite approval, sells, transfers, or even "negotiates to sell" tracts of land that are described by reference to a plat of a subdivision not previously approved by the appropriate Commission, or sells, transfers or negotiates to sell realty of less than ten acres in size. A primary rule of statutory construction is to ascertain the intent of the Legislature by determining the evil sought to be avoided and the remedy afforded in any particular statutory scheme. AMFTubescope v. Hatchel, 547 P.2d 374 (Okla. 1976). The evil sought to be avoided by 19 O.S. 866.13's language concerning preliminary negotiations about sales or transfers of realty is where the prospective seller has not adequately notified the prospective purchaser that the property in question is subject to Commission control and superintendence. Preliminary negotiations about the division, sale or transfer of land subject to the jurisdiction of a Commission are only deemed illegal under the Act if such negotiations do not adequately put the prospective buyer on notice that the desired subdivision and transfer has not yet been approved by the local Commission.
¶ 8 Your second inquiry asks whether, after obtaining the approval of the local Commission for a subdivision of land, there is some technical requirement that the landowner actually execute a deed from himself to himself, evidencing the division of property as approved for such purposes, as a further prerequisite to effectuation of the transfer of the property to third persons. The statute contains no such facial requirements. All the statute requires is that the initial request to subdivide the property be approved, that such approval be evidenced on the face of legal documents desired to be utilized to further transfer the property in question, and that subsequent transfers involving less than ten acres of land also be approved specifically by the Commis sion. Whether a seller and a buyer choose to effect a transfer by formally deeding the portions of property subdivided back to the seller prior to the transfer to the buyer, or whether they choose to effect such a transfer by appropriate reference to the approved subdivision, with evidence thereof, is up to the buyer and seller.
¶ 9 Your third question asks whether the county clerk has any authority to accept and file documents purporting to subdivide or transfer property under the jurisdiction of a local Commission without documents evidencing that the Commission has given its prior approval of such actions. The terms of 19 O.S. 866.13 are clear on this point. Without the requisite written evidence of official approval by the Commission appearing on the face of the documents desired to be filed, the County Clerk is forbidden to accept and file such papers. Public officers have only those powers expressly granted by law, necessarily implied to effect express powers, or as may be fairly implied therefrom. Marley v.Cannon, 618 P.2d 401 (Okla. 1980).
¶ 10 It is, therefore, the official opinion of the AttorneyGeneral that:
 1. Under the terms of 19 O.S. 866.13 (1981), an owner ofrealty subject to the jurisdiction of a Metropolitan AreaPlanning Commission may lawfully negotiate to sell subdividedlots or parcels of his realty to third persons, even though thesubdivision of the realty in question has not yet been formallyapproved by the local Commission, so long as the prospectiveseller adequately notifies the prospective buyer that Commissionapproval is necessary to finalize the transaction contemplatedbetween them.
 2. Under 19 O.S. 866.13, there is no requirement that alandowner, once having obtained approval from the Commission tosubdivide property, execute deeds from himself to himself beforetransferring the subdivided property to a third party. All thatis required is that there be evidence in writing on the face ofdocuments purporting to transfer title to such parcels of thefact of prior Commission approval of the subdivision.
 3. The county clerk has no authority to accept and file anydocuments purporting to subdivide, sell or transfer any propertythat must first be approved by the Commission under its powers asset forth in 19 O.S. 866.13, when such documents are notaccompanied by written evidence of the Commission's priorapproval of the subdivision or transfer in question.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
MICHAEL SCOTT FERN ASSISTANT ATTORNEY GENERAL